A. Franklin Mahoney, J.
The plaintiff, as a taxpayer and as cestui que trust of the property, funds and effects of the City of Albany, New”,York, prays for an order enjoining pendente lite the defendants from auditing, allowing and paying any salaries, wages or emoluments for city employees commencing November 1, 1973.
The plaintiff contends that he will .suffer irreparable harm if the defendants use any city funds to pay wages or salaries to nonelected employees of the city after November 1, 1973 if, as is the case, the Common Council of the City of Albany has not adopted an annual estimate for the fiscal year commencing November 1, 1973. It is the position of the plaintiff that if sections 73, 74, 75, 76, 77 and 79 of the Second Class Cities Law together with the appropriate local laws of the city are read in concert, it can only be concluded that the city is without warrant or authority to pay salaries of any nonelected city officials or officeholders or employees beyond October 31, 1973.
The defendants contend that the allegations of the complaint seeking a preliminary injunction are inadequate to vest the plaintiff with the requisite capacity to maintain the action. Next, even if the plaintiff were statutorily authorized to maintain the .within action, the defendants contend that payment of salaries to city employees is authorized by the appropriate provisions of the Second Class Cities Law.
The motion for a temporary injunction is denied and the complaint is dismissed.[1]
In the case of Hearst v. McClellan (102 App. Div. 336), a taxpayer of the City of New York moved for a temporary injunction enjoining the audit and payment of certain city bills and the city challenged the right of the taxpayer to maintain such an action upon the ground that the moving papers contained *295 no .statements of facts upon which fraud, bad faith or illegal, corrupt or dishonest conduct could be predicated. Interestingly, the genesis of the taxpayer’s complaint in Hearst v. McClellan (supra) was section 59 of the Greater New York Charter (L. 1901, ch. 466) which stated: “ The board of aldermen and the several members thereof and all officers and employees of the city are hereby declared trustees of the property, funds and effects of said city respectively, so far as such property, funds and effects are or may be committed to their management or control, and every person residing in .said city, when authorized to pay taxes therein, and who shall pay taxes therein is hereby declared to be a cestui que trust in respect to the said property, funds and effects, respectively; and any co-trustees, or any cestui que trust, shall be entitled, as against said trustees, and in regard to said property, funds and effects, to all the rights and privileges provided by law for any co-trustee or cestui que trust to prosecute and maintain any action to prevent waste and injury to any property, funds and estate held in trust. Such trustees are hereby made subject to all the duties and responsibilities imposed by law on trustees, and such duties and responsibilities may be enforced by the city or by any co-trustee or cestui que trust aforesaid.” With the exception of several minor changes in language so as to give recognition to the modern designation of municipal boards (i.e., Common Council in lieu of Board of Aldermen), section 22 of the Second Class Cities Law, pursuant to which the plaintiff brings this action, is identical to the former section 59 of the Greater New York Charter (L. 1901, ch. 466). Yet, in Hearst v. McClellan (supra), the court stated that section 59 of the Greater New York Charter did not authorize the maintenance of a taxpayer’s action without proof of fraud or bad faith.
Such is the case herein. The only allegation in the within complaint that contains any averment of wrongdoing on the part of the defendants is contained in paragraph 16, wherein the plaintiff alleges that [1] ‘ The defendants, and each of them, despite the provisions of law, have collusively conspired by and between themselvQS to make such payments for the City employees out of .City property, funds and effects without there being an annual estimate adopted by the Common Council of the City of Albany for the fiscal year commencing November 1, 1973.” That is an allegation of a conclusion and not of an issuable fact. If the complaint alleged facts tending to establish that, knowing that the appropriate provisions of law mandated the nonpayment of salaries of city employees after the *296 expiration, of .the fiscal year, the defendants had, nevertheless, collusively conspired to make such payments for the purpose and with the intent of unlawfully diverting the money of the city to the use of said employees to the detriment of the city, a different situation might be presented. The complaint makes no such allegations and in the absence of supportable allegations of fraud, collusion, corruption, bad faith or illegality this taxpayer’s action cannot be maintained.
Finally, the court concludes that the acts of the defendants, in paying or causing to be paid the salaries of nonelected employees of the city beyond October 31, 1973, and before the annual estimate for the year 1973 is presented to and adopted by the Common Council of the city, are authorized by the provisions of the Second Class Cities Law.
Section 73 of the Second Class Cities Law, to the extent that it is superseded by the provisions of Local Law No. 2 for the City of Albany .(1944), provides that the fiscal year of the city shall commence on the first day of November. The cited section further provides that before the first day of November in each year all department heads and officers shall furnish ■to the Mayor estimates in writing of the amount of expenditures for the next fiscal year, including- a statement of salaries of all their .subordinates. The Mayor shall, thereupon, lay such estimates before the Board of Estimate and Apportionment and that board, pursuant to the provisions of section 74 of the same law, shall have authority to fix the salaries or compensation, and determine the positions and numbers of all city officers and employees. Next, Local Law No. 4 for the City of Albany (1943), which supersedes section 75 of the Second Class Cities Law, provides that within 60 days after the commencement of each fiscal year (Nov. 1) the Board of Estimate and Apportionment shall make an itemized statement, in writing, of the estimated revenues and expenditures of the city which shall be known as its annual estimate and, further, after said, annual estimate .shall have been completed the Board of Estimate and Apportionment shall submit the same in final form to .the Common Council, which body shall, as soon thereafter as may be possible, convene and consider the said estimate. Local Law No. 4 further provides that the Common Council shall give a public hearing to such persons as wish to be heard in reference thereto and after such hearing, and within 50 days after such estimate .shall have been submitted to it, adopt such estimate as submitted or as amended. Finally, section 76 of the Second Class Cities Law provides that when *297 the Common Council shall have adopted the final estimate, it shall be entered at large in its minutes and become a part in its proceedings.
There are no allegations in the complaint that the City of Albany and its officers have not ,so conducted themselves in the preparation and adoption of ¡annual estimates from the time of the passage of Local Law No. 4 in the year 1943. It is premature to charge that they shall not so conduct themselves in the year 1973. The plaintiff’s argument that section 79 of the Second Class Cities Law, prohibiting the expenditure of any moneys in excess of the amounts appropriated in said estimate for each fiscal year, precludes the payment of salaries of city employees beyond October 31 in any year when the annual estimate for the next ensuing year has not been ¡adopted by the Common Council, is not persuasive. Clearly, the appropriations for the payment of employees’ salaries up to and beyond October 31, 1973 are contained in the annual estimate adopted by the Common Council for the City of Albany for the year 1972. Therefore, it follows that payment by the defendants of employees ’ salaries beyond October 31 of this year and before the adoption of the 1973 annual estimate does not involve the expenditure of money in excess of the amounts appropriated.
The motion for a preliminary injunction pendente lite is denied and the complaint is dismissed. .

. On motion for preliminary injunction, it must appear that plaintiff has stated an actionable cause, and even in absence of a formal cross motion a defective complaint may be stricken (Shapiro v. City of New York, 67 Misc 2d 1021, affd. 32 N Y 2d 96).